[No. 18786. Department Two. April 15, 1925.]

SUTHERLAND COMPANY, INCORPORATED, *Respondent*, v. J. B. SARGENT *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS (379, 383)—STREETS—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The driver of a truck, entering a street intersection, is guilty of contributory negligence, where he saw vehicles approaching from different directions and knew or should have known that he could not proceed as he did, near the center of the street where he had no right to be, without a collision unless the other vehicles altered their courses or changed their speed.

Appeal from a judgment of the superior court for King county, Ralston, J., entered January 7, 1924, upon findings in favor of the plaintiff, in an action for damages sustained in an automobile collision, tried to the court. Reversed.

*Van Dyke & Thomas*, for appellants Brown.

*Roberts & Skeel, Tyre H. Hollander*, and *N. A. Pearson*, for appellant Sargent.

*Murphy & Kumm* and *Charles L. Harris*, for respondent.

FULLERTON, J.—This controversy arises out of an automobile accident. Fourth avenue of the city of Seattle extends in a northerly and southerly direction

[1]Reported in 234 Pac. 1022.

from its intersection with University street, crossing the street at right angles. Just immediately prior to the accident, one Sutherland, driving an automobile owned by the plaintiff below, the Sutherland Company, Incorporated, entered the avenue from the west, intending to cross the avenue and continue east on University street. When he so entered, he was driving the car near the center of University street. At about the same time the appellant J. B. Sargent, driving a car belonging to the community composed of himself and his wife, entered the avenue from University street on the east, intending to turn south on the avenue. This car was then on the north side of the street. The appellant William A. Brown was at the same time approaching University street from the south, driving a loaded motor truck, likewise property of a community, on the east side of the avenue. When the driver of the respondent's car entered the street, he saw Sargent approaching him, cutting the corner, as he says. To avoid him, he turned his car to the south and swung around to the north in a circular course, accelerating his speed. Sargent's car passed behind him, but on reaching the east side of the avenue, he found himself immediately in front of the truck. He there stopped his car and it was struck by the truck, which caused the injury for which the respondent sues.

The action was tried by the court sitting without a jury. The court found that Sutherland drove his car in a lawful and cautious manner, but that both the drivers of the other cars were negligent, and that their negligence was the proximate cause of the accident.

The evidence, as is usual in such cases, was contradictory. As against Sargent, the preponderance of evidence seems to be that he turned his car too sharply to the left when he entered the avenue, and did not pass to the right of its center. As against Brown, the

evidence is not so satisfactory. But conceding that the court was correct in its finding that he was also negligent, we cannot conclude that it was justified in the judgment it entered. As we read the evidence, it conclusively shows that Sutherland, the driver of the respondent's car, was himself guilty of negligence. He entered the intersection at a place the law forbids; he swerved to the right after entering the street, thus deceiving the driver of the approaching truck as to the course he intended to pursue; he passed to the front of the truck when it was so near him he had not time to pass it in the clear; and he stopped in front of the truck when there was nothing in his front to prevent him continuing on his course. True, he attempts to explain his actions. He says that the reason he approached the avenue in the middle of the street was because automobiles were parked on the side of the street to his right. He says he swerved to the right on entering the intersection to escape being struck by the car driven by Sargent. He says he passed in front of the truck because he thought, since he had entered the intersection first, the truck would stop and wait for him. And he says that he stopped in front of the truck instead of continuing on his course, because he had not time to clear it, had he so proceeded.

But these explanations rather aggravate than extenuate his negligence. According to his own testimony, he stopped his car at the intersection of the avenue to await the passage in his front of pedestrians crossing the street, and that he then saw the approaching cars. Having seen them and noting their course and speed, he either knew or is chargeable with the knowledge that he could not pass in their front unless they altered their courses or changed their speed. Knowing these things, rather than wait the few seconds necessary for them to pass and give him a clear pass-

age, he sought to pass in their fronts, trusting that they would protect him. This was not the conduct of an ordinary prudent person, and prevents a recovery for the damages he suffered.

The judgment is reversed, and the cause remanded with instructions to enter a judgment to the effect that the plaintiff take nothing by its action.

HOLCOMB, MACKINTOSH, PARKER, and MAIN, JJ., concur.